UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



———————————————————

DAVID ROSUE RAMIREZ RODAS,

   Petitioner,

  v.

MICHAEL BALL, *in his official capacity as Acting Deputy Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; PHILIP RHONEY, *in his official capacity as Acting Field Office Director, Buffalo Field Office, U.S. Immigration & Customs Enforcement*; DAVID VENTURELLA, *in his official capacity as Senior Official Performing the Duties of the Director, U.S. Immigration & Customs Enforcement*; TODD BLANCHE, *in his official capacity as Acting Attorney General*; and MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*,

   Respondents.[1]

26-CV-1275 (JLS)

———————————————————

## **DECISION AND ORDER**

Petitioner David Rosue Ramirez Rodas is a citizen and national of Guatemala who has been detained pursuant to 28 U.S.C. § 1226(a) since May 20, 2026. Dkt. 1 at 1; Dkt. 6 at 3; Dkt. 6-2 at 3. He had a "custody redetermination hearing" set for June 3, 2026, but he filed a motion for continuance of that hearing. Dkt. 6 at 2. The

———————————

[1] The caption has been updated pursuant to Federal Rule of Civil Procedure 25(d).

Immigration Judge declined to reset the hearing and withdrew the Petitioner's request without prejudice. *Id.* However, if Petitioner renews his request for a custody redetermination hearing, the immigration court will reschedule one as soon as possible. *Id.* at 3; Dkt. 6-2 at 13.

Petitioner filed this Petition on June 19, 2026, seeking a writ of habeas corpus releasing him and providing that Respondents "not re-detain Petitioner without a pre-deprivation hearing" at which Respondents bear the burden. Dkt. 1 at 17. Respondents moved to dismiss this case on the grounds that Petitioner had not exhausted his administrative remedies before filing a petition with this Court and that this Court is unable to order Petitioner's release. Dkts. 5–6. Petitioner replied, arguing that he was detained under 8 U.S.C. § 1226(a) and should, therefore, receive a bond hearing. Dkt. 7. Respondents submitted a further filing, arguing that Petitioner had not engaged with their arguments with respect to administrative exhaustion. Dkt. 8.

A "habeas petitioner must normally exhaust administrative remedies before seeking federal court intervention." *Castillo Lachapel v. Joyce*, 786 F. Supp. 3d 860, 864 (S.D.N.Y. 2025) (quoting *Michalski v. Decker*, 279 F. Supp. 3d 487, 495 (S.D.N.Y. 2018) (subsequent citation omitted). Although "Section 2241 does not include a statutory exhaustion requirement, courts generally require exhaustion as a 'prudential matter.'" *Hossain v. Barr*, No. 6:19-CV-06389-MAT, 2019 WL 5964678, at *3–5 (W.D.N.Y. Nov. 13, 2019) (quoting *Michalski*, 279 F. Supp. 3d at 495 (subsequent citation and internal quotation marks omitted)). In the Second Circuit, a "district

2

court may excuse prudential exhaustion where: '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Batista v. Genalo*, No. 1:26-cv-05408-MKV, 2026 WL 2169849, at *3 (S.D.N.Y. July 28, 2026) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

To the extent that the Petitioner's arguments can be interpreted to have addressed why he has not exhausted administrative remedies, Petitioner seems to argue that exhaustion should be excused because the available administrative remedies would be futile. He argues that "immigration courts under this administration have essentially become 'kangaroo courts' where due process is not respected due to political pressure on immigration judges to satisfy the administration's thirst for mass deportations." Dkt. 1 at 15–16 (footnote omitted). As a result, he argues that "[t]he only appropriate remedy . . . is for immediate release to be ordered by federal judges." *Id.* at 16.

In order "to understand the futility exception to the exhaustion requirement, the purposes behind the requirement of exhaustion . . . should be understood." *Beharry*, 329 F.3d at 62 (quoting *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 594 (2d Cir. 1993)). These purposes include "protecting the authority of administrative agencies, limiting interference in agency affairs, developing the factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Id.* at 62. If a petitioner shows "that pursuing available

3

administrative remedies would be futile," then "a court will release the [petitioner] from the exhaustion requirement" because "the purposes behind the requirement of exhaustion are no longer served." *Id.* (quoting *Kennedy*, 989 F.2d at 594). But it is not enough for a petitioner to argue that his or her claim would likely fail in immigration court to demonstrate "that it would . . . be[] futile to raise it" there. *Id.*

Here, Petitioner essentially argues that, because he believes his claim is likely to fail in immigration court, it would be futile to raise it there. This is not enough to establish futility. Further, "the substance of ICE's individualized determination" . . . "is outside [of] the Court's jurisdiction." *Marshall v. Arteta*, 1:26-cv-04110-MKV, 2026 WL 1724311 (S.D.N.Y. June 15, 2026) (quoting *Fontanelli ex rel. Bernal Garcia v. Francis*, No. 25-cv-7115, (JLR), 2025 WL 2773234, at *8 (S.D.N.Y. Sept. 29, 2025)). Petitioner may request a custody redetermination hearing before an immigration judge.

For the foregoing reasons, Respondents' motion to dismiss, Dkt. 5, is granted, and the Petition is dismissed without prejudice. Petitioner may file a renewed petition in the appropriate jurisdiction if he is denied a hearing upon request in immigration court.

The Clerk of Court shall close this case.

SO ORDERED.

Dated:     August 5, 2026
             Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

4